FILED

APR 21 2006

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA         )
                                 )
                                 )
v.                               ) Cr. No. 99-208(TFH)
                                 )
JAMAL STEVEN HANSON,             )
                                 )
        Defendant.               )

## MEMORANDUM OPINION

Pending before the Court are Defendant Jamal Steven Hanson's motion for an extension of time in which to file a motion pursuant to 28 U.S.C. § 2255, and his § 2255 motion to vacate sentence. Upon careful consideration of Hanson's motions, and the entire record herein, the Court will deny the motion for extension of time and dismiss the § 2255 motion as time-barred.

### I. BACKGROUND

On September 21, 1999, Hanson pleaded guilty to the charge of unlawful distribution of fifty grams or more of cocaine base. On July 31, 2001, Hanson filed a motion to withdraw his guilty plea. The government opposed Hanson's motion, and a hearing on the motion was held on November 9, 2001. By Memorandum Opinion and Order dated December 11, 2002, the Court denied Hanson's motion. Hanson subsequently moved the Court to reconsider its denial of his motion to withdraw his guilty plea. A hearing on the motion to reconsider was held on May 30, 2002, and that motion was denied on June 21, 2002. On August 2, 2002, Hanson was sentenced to 262 months of imprisonment, followed by a term of five years of supervised release. Hanson appealed his conviction. On October 27, 2003, the United States Court of Appeals for the District of Columbia Circuit affirmed the conviction. Hanson filed the instant motion for

extension of time in which to file a § 2255 motion on February 25, 2005, and subsequently filed a motion to vacate his sentence pursuant to § 2255 on June 28, 2005.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year period of limitation on all motions made under § 2255. See Pub. L. No. 104-132 § 105, 110 Stat. 1214 (April 24, 1996). That period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The period of limitation that applies to Hanson's motion is that listed in subsection (1): the date on which the judgment of conviction becomes final. A conviction becomes final when the United States Supreme Court "affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003). A review of the Court's docket in this case reveals the absence of any record indicating that Hanson filed a petition for writ of certiorari, or that the Supreme Court affirmed his conviction on the merits. Without any evidence to the contrary, the Court assumes that Hanson did not file a certiorari petition, and thus finality attached to Hanson's conviction ninety days after the D.C. Circuit's resolution of his

2

appeal on October 27, 2003. See Sup. Ct. R. 13. Accordingly, Hanson's conviction became final on January 28, 2004, giving him until January 28, 2005, to file his motion to vacate under § 2255. Anderson's motion for an extension of time is dated February 10, 2005, and his motion to vacate is dated June 2005 (and was filed on the Court's docket on June 28, 2005).[1]

Hanson's § 2255 motion is therefore time-barred. Hanson contends, however, that his § 2255 claims are saved by the principle of equitable tolling, because he did not have access to the Court or to the legal materials necessary to prepare his habeas petition as he was held in a segregated housing unit for nearly a year. Hanson represents that he wrote two letters to the Court, prior to the filing deadline, informing the Court of these impediments to the filing of his motion. The Court has no record of those letters.

The D.C. Circuit has not yet answered the question of whether equitable tolling applies to motions under § 2255.[2] See United States v. Saro, 252 F.3d 449, 454 (D.C. Cir. 2001); United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000). The D.C. Circuit has indicated, however, that if equitable tolling does apply, it is only available where "'extraordinary circumstances'

---

[1] An incarcerated *pro se* petitioner is deemed to have filed a court document on the date the petitioner delivered the document to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988).

[2] Most of the circuits that have considered the issue have concluded that AEDPA's one-year time limit on filing habeas petitions is a statute of limitation and that it is subject to equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999); Kapral v. United States, 166 F.3d 565, 575 (3rd Cir. 1999); Calderon v. United States Dist. Ct. for Cent. Dist. of California, 163 F.3d 530, 541 (9th Cir. 1998); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); cf. Moore v. United States, 173 F.3d 1131, 1134 (8th Cir. 1999) (holding § 2255 is statute of limitation in case where equitable tolling was not at issue); but see Giles v. United States, 6 F. Supp. 2d 648, 649 (E.D. Mich. 1998) (concluding that § 2255 is a limit on jurisdiction of court, not a statute of limitations, and therefore is not subject to equitable tolling).

beyond a prisoner's control make it impossible to file a petition on time." Cicero, 214 F.3d at 203 (quoting Calderon v. U.S. Dist. Ct. for Cent. Dist. of California, 128 F.3d 1283, 1289 (9th Cir. 1997)). Hanson has not demonstrated such extraordinary circumstances here. The hardships Hanson cites (housing in a segregated facility, lack of access to the Court and legal materials, transfer between facilities) are not sufficient to equitably toll the limitations period. See, e.g., Lindo v. Lefever, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances."); Wilson v. Bennett, 188 F. Supp. 2d 347, 353 (S.D.N.Y. 2002) (finding petitioner's claimed "extreme difficulties" obtaining legal assitance from the law library did not constitute extraordinary circumstances).

While Hanson may have exercised some diligence in pursuing the filing of his motion by sending two letters to the Court explaining his situation, these letters similarly cannot toll the limitations period. Hanson has offered no explanation as to why he was able to send letters to the Court within the filing period, but not his § 2255 motion, or at least a motion for extension of time. Further, according to Hanson his letters simply laid out the same circumstances that the Court has found not to constitute extraordinary circumstances sufficient to equitably toll a statute of limitation.

The Supreme Court has recognized that Congress intended for AEDPA to bring greater finality to convictions by restricting use of the writ of habeas corpus. See Williams v. Taylor, 529 U.S. 420, 436 (2000) ("[t]here is no doubt Congress intended AEDPA to advance" the principle of finality). Because Hanson's motions were filed outside of the one-year filing period, and he has not established the extraordinary circumstances necessary to toll a statute of

limitations, Hanson's motions are time-barred.

### III. CONCLUSION

For the reasons stated above, the motion for extension of time is denied and the motion to vacate sentence under § 2255 is dismissed. An appropriate order will accompany this Memorandum Opinion.

April 20, 2006

Thomas F. Hogan
Chief Judge

Copies to:

Jamal Hanson
Federal Correctional Institution
P.O. Box 7000
Fort Dix, NJ 08640

United States Attorney's Office
Special Proceedings Section/ Room 10-824
555 4th Street, NW
Washington, DC 20530